UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 

18 U.S.C. §1956(h)
18 U.S.C. §1344
18 U.S.C. § 982

UNITED STATES OF AMERICA

vs.

NIDAL AHMED WAKED HATUM,
    a/k/a "Nidal Waked,"
TAMAS ZAFIR,
STAR TEXTILE MANUFACTURING, INC.,
    and
VIDA PANAMA, Z.L., S.A.,

    **Defendants.**
_____/

## INDICTMENT

The Grand Jury charges that:

### General Allegations

At various times relevant to this indictment:

1. Ocean Bank was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation (FDIC).

2. STAR TEXTILE MANUFACTURING, INC., was a Florida corporation. The president of the corporation and its owner was defendant NIDAL AHMED WAKED HATUM. The manager was TAMAS ZAFIR.

3. VIDA PANAMA, Z.L., S.A., was a corporation formed under the laws of the Republic of Panama, located in the Colon Free Trade Zone. The owner and general manager was defendant NIDAL AHMED WAKED HATUM.

## COUNT 1
## Money Laundering Conspiracy
## 18 U.S.C. §1956(h)

1. The general allegations set forth above are re-alleged and fully incorporated herein by reference.

2. From in or about January 2000, until on or about February 9, 2009, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**NIDAL AHMED WAKED HATUM,**
a/k/a "Nidal Waked,"
**TAMAS ZAFIR,**
**STAR TEXTILE MANUFACTURING, INC.,**
and
**VIDA PANAMA, Z.L., S.A.,**

knowingly and willfully combined, conspired, and agreed with each other and with others known and unknown to the grand jury to commit certain offenses against the United States, that is:

1) to knowingly engage in a monetary transaction in and affecting interstate and foreign commerce, by, through and to a financial institution, in criminally derived property of a value greater than $10,000, which was derived from specified unlawful activity, in violation of Title 18, United States Code, Section 1957.

It is further alleged that the specified unlawful activity was fraud on a foreign bank, in violation of the laws of Panama, and the manufacture, importation, sale and distribution of a controlled substance, punishable under the laws of the United States, Mexico and Panama.

2) to knowingly transport, transmit, and transfer a monetary instrument and funds from a place in the United States to a place outside the United States, and to a place in the United States from a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

It is further alleged that the specified unlawful activity was fraud on a foreign bank, in

violation of the laws of Panama.

All in violation of Title 18, United States Code, Section 1956(h).

**COUNT 2**
**Money Laundering Conspiracy**
**18 U.S.C. §1956(h)**

1. The general allegations set forth above are re-alleged and fully incorporated herein by reference.

2. From in or before January 2008, through on or about December 25, 2011, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**NIDAL AHMED WAKED HATUM,**
a/k/a "Nidal Waked"
and
**VIDA PANAMA, Z.L., S.A.,**

knowingly and willfully combined, conspired, and agreed with each other and with others known and unknown to the grand jury to commit certain offenses against the United States, that is,

1) to knowingly conduct a financial transaction in and affecting interstate and foreign commerce, which transaction involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i), and

2) to knowingly transport, transmit, and transfer a monetary instrument and funds from a place in the United States to a place outside the United States, and to a place in the United States from a place outside the United States, knowing that the monetary instrument and funds involved in the transportation, transmission, or transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission or transfer was designed in whole or

3

in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

It is further alleged that the specified unlawful activity was the manufacture, importation, sale and distribution of a controlled substance, punishable under the laws of the United States, Mexico and Panama.

All in violation of Title 18, United States Code, Section 1956(h).

**COUNT 3**
**Bank Fraud**
**18 U.S.C. §1344(2)**

1. The general allegations set forth above are re-alleged and fully incorporated herein by reference.

2. From on or about November 21, 2007, to on or about February 9, 2009, in Miami-Dade county in the Southern District of Florida and elsewhere, the defendants,

**NIDAL AHMED WAKED HATUM,**
a/k/a "Nidal Waked,"
**TAMAS ZAFIR,**
**STAR TEXTILE MANUFACTURING, INC.,**
and
**VIDA PANAMA, Z.L., S.A.,**

knowingly and with intent to defraud executed and attempted to execute a scheme and artifice to obtain moneys, funds, assets, credits, and other property owned by and under the custody and control of a financial institution, that is, Ocean Bank, by means of false and fraudulent pretenses, representations, and promises relating to a material fact, in violation of Title 18, United States Code, Section 1344(2).

Purpose of the Scheme

3. The purpose of the scheme was to obtain a lower interest rate on a line of credit

that Ocean Bank had extended to and which was being drawn on by STAR TEXTILE MANUFACTURING, INC.

### Manner and Means

4.  The manner and means of the scheme to obtain a lower interest rate from Ocean Bank included the issuance of wire transfers from VIDA PANAMA's account at a bank in the Republic of Panama to STAR TEXTILE's account at Ocean Bank in Miami. The defendants claimed to officers of Ocean Bank that the wire transfers represented loan proceeds from VIDA PANAMA's bank in Panama, and that those loans were being extended at a lower interest rate than STAR TEXTILE was paying on its existing line of credit at Ocean Bank. The defendants sought to obtain a lower interest rate by trying to induce Ocean Bank to meet the rate offered by this competing bank.

5.  These representations were false. In reality, as the defendants then knew, the wire transfers involved mere circular transfers of the same funds, belonging to VIDA PANAMA and NIDAL WAKED, which once wire-transferred to STAR TEXTILE were immediately returned to VIDA PANAMA by check.

### Acts in Furtherance of the Scheme

6.  On or about November 21, 2007, defendant ZAFIR sent an e-mail to his account manager at Ocean Bank, in which he asserted that wire transfers being received from VIDA PANAMA by STAR TEXTILES were loan proceeds, and that the loans were being extended from a bank in Panama at a lower interest rate than STAR TEXTILES was paying to Ocean Bank.

7.  On or about December 22, 2007, defendants ZAFIR and WAKED telephonically discussed the interest rate and amount STAR TEXTILES had been paying to Ocean Bank on its

line of credit. WAKED told ZAFIR that it was too high and too expensive and they should advise Ocean Bank that they had obtained an offer for a line of credit at a much cheaper rate.

8. On a number of occasions between December 2007 and May 1, 2008, defendant ZAFIR contacted an officer of Ocean Bank to try to obtain a lower interest rate on the line of credit.

9. Between December 2007 and May 1, 2008, at defendant WAKED's direction, defendant ZAFIR advised an Ocean Bank account manager and a vice president that they had obtained approval for credit for STAR TEXTILES at the New York Citibank prime rate from a bank in Panama, and sought a reduction in Ocean Bank's interest rate to match it.

All in violation of Title 18, United States Code, Section 1344(2) and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which the defendants

**NIDAL AHMED WAKED HATUM,**
a/k/a "Nidal Waked,"
**TAMAS ZAFIR,**
**STAR TEXTILE MANUFACTURING, INC.,**
and
**VIDA PANAMA, Z.L., S.A.,**

have an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1956, as alleged in this Indictment, the defendants so convicted shall forfeit to the United States of America all of their respective right, title and interest in any property, real or personal, involved in such violation, or in any property traceable to such property, pursuant to Title 18, United

6

States Code, Section 982(a)(1).

3. Upon conviction of a violation of Title 18, United States Code, Section 1344, as alleged in this Indictment, the defendants so convicted shall forfeit to the United States of America all of their respective right, title and interest in any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such violation, pursuant to Title 18, United States Code, Section 982(a)(2).

All pursuant to Title 18, United States Code, Section 982(a), and the procedures outlined at Title 21, United States Code, Section 853, as made applicable by Title 18, United States Code, Section 982(b).

A TRUE BILL

FOREPERSON

WIFREDO A. FERRER
UNITED STATES ATTORNEY

FRANK H. TAMEN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

NIDAL AHMED WAKED HATUM, et al.,

Defendants.

CASE NO. _____

**CERTIFICATE OF TRIAL ATTORNEY\***

**Superseding Case Information:**

**Court Division:** (Select One)

- ✓ Miami
- ___ Key West
- ___ FTL
- ___ WPB
- ___ FTP

New Defendant(s)         Yes ___    No ___
Number of New Defendants   ___
Total number of counts     ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:     (Yes or No)    No
   List language and/or dialect   _____

4. This case will take   6   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I    0 to 5 days       ___
   - II   6 to 10 days      ✓
   - III  11 to 20 days     ___
   - IV   21 to 60 days     ___
   - V    61 days and over  ___

   (Check only one)
   - Petty    ___
   - Minor    ___
   - Misdem.  ___
   - Felony   ✓

6. Has this case been previously filed in this District Court? (Yes or No)   No
   If yes:
   Judge: _____      Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   No
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____      District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   ___ Yes   ✓ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?   ___ Yes   ✓ No

_____
FRANK H. TAMEN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No./Court No. 261289

\*Penalty Sheet(s) attached

REV 10/2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** NIDAL AHMED WAKED HATUM

**Case No:**

Counts#: 1 and 2

Money Laundering Conspiracy

Title 18, United States Code, Section 1956

*Max. Penalty:    20 Years' Imprisonment

Count #: 3

Bank Fraud

Title 18, United States Code, Section 1344

*Max. Penalty:    30 Years' Imprisonment

* Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: TAMAS ZAFIR

**Case No:**

Count#: 1

Money Laundering Conspiracy

Title 18, United States Code, Section 1956

*Max. Penalty:     20 Years' Imprisonment

Count #: 3

Bank Fraud

Title 18, United States Code, Section 1344

*Max. Penalty:     30 Years' Imprisonment

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.