UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-20189- CR - SCOLA

UNITED STATES OF AMERICA

v.

NIDAL WAKED HATUM,

Defendant.

_____/

## PLEA AGREEMENT

The United States of America and Nidal Waked Hatum (hereinafter referred to as the "defendant") enter into the following agreement:

1.      The defendant agrees to plead guilty to Count 1 of the indictment, which count charges him in relevant part with knowingly and willfully conspiring to engage in a monetary transaction in foreign commerce through a financial institution, in criminally derived property of a value greater than $10,000, which was derived from specified unlawful activity, that is, fraud on a foreign bank, in violation of Title 18, United States Code, Section 1957, all in violation of Title 18, United States Code, Section 1956(h).   The United States abandons the remaining allegations in Count 1 as part of this plea agreement.

2.      The United States agrees to seek dismissal of the remaining counts of the indictment, as to this defendant, after sentencing.   The United States further agrees to dismiss the indictment as to Star Textile Manufacturing, Inc. and Vida Panama Z.L., S.A..

3.      The defendant is aware that his sentence will be imposed by the court after

considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant understands that the court will determine his advisory sentence range under the Sentencing Guidelines, by relying in part on a Pre-Sentence Investigation conducted by the court's Probation Office after his guilty plea has been entered. The defendant further understands that the court is required to consider the Sentencing Guidelines advisory range, but is not bound to impose that sentence; the court is permitted to decide his sentence based upon other statutory concerns, and his sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw his plea solely as a result of the sentence imposed.

4.     The defendant understands and acknowledges that the court may impose a statutory maximum term of imprisonment of up to ten years, followed by a term of supervised release of up to 5 years. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $250,000 or twice the amount of the criminally derived property involved in the transaction.

5.     The defendant understands that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed. The defendant agrees that the special assessment shall be paid at the time of sentencing.

6.     The United States reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offense to which he is pleading guilty as described in paragraph 1, as well as concerning the

2

defendant and his background.    Subject only to the express terms of any sentencing recommendations contained in this agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.    The United States and the defendant, without binding the court or the probation office, jointly agree to recommend that the defendant be held accountable for offense conduct involving the following Sentencing Guidelines, 2008 edition, and that no other Sentencing Guidelines adjustments should be applied:

A.  2S1.1(a)(1), which cross-references to 2B1.1.

B.  2B1.1(b)(14)(A) and (D).  The parties agree that there was no actual financial loss; however, the minimum guideline level of 24, for an offense involving a financial institution, applies.

C.  2S1.1(b)(2)(A), for an offense under 18 USC 1957, increase 1 level.

The effect of these Sentencing Guidelines adjustments, after the reductions discussed below, is a total offense level of 22, with a sentencing range of 41 to 51 months' imprisonment.

8.    The United States agrees to recommend at sentencing that the court reduce by two levels the Sentencing Guidelines level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's affirmative and timely acceptance of personal responsibility for his offense.  If the defendant's Sentencing Guidelines range is level 16 or above, the United States will move for an additional one-level reduction pursuant to Sentencing Guideline Section 3E1.1(b).  The United States further agrees to recommend that the defendant be sentenced within the Sentencing Guidelines range, as that range is determined by the court.  The defendant reserves the right to seek a downward variance or

3

departure to 30 months. However, the United States will not be required to make the above motion or recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the Probation Office of his relevant offense conduct; (2) is found to have misrepresented relevant facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement; including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any government entity or official.

9.     The United States and the defendant will endeavor to arrive at an agreement as to a specific sum of money that is subject to forfeiture, or is an appropriate amount for a fine, or both, and to recommend the same to the court at sentencing. Should the parties not come to such an agreement, each party will present its position to the court for a determination of the amount. The defendant agrees to forfeit to the United States all of his right, title, and interest in property that was involved in the commission of the offense, or traceable to such property, in an amount to be determined by the court. The defendant agrees to cooperate with the United States in all proceedings necessary to accomplish any fine or forfeiture assessed by the court, and to waive any and all claims to the property or defenses to the forfeiture, whether substantive or procedural, and to sign any documents needed to effectuate the forfeiture of his interests and to transfer the same to the United States. If that property is no longer available, the defendant agrees to cooperate in the discovery of any substitute assets that he may have and to surrender the same to the United States in lieu of the original property. If any such property is located outside the United States, the defendant agrees to assist in the transfer of such assets or substitute assets to the United States. The defendant agrees to the entry of a money judgment equal to the value of the property involved

4

in the offense which is not otherwise recovered; the amount of such money judgment may be deferred until a later date pursuant to Fed. Rule Crim. Pro. 32.2.

10.    The defendant reserves the right to seek a downward variance from the applicable Sentencing Guidelines range.

11.    The defendant is aware that Titles 18, U.S. Code, Section 3742 and 28, U.S. Code, Section 1291 afford a defendant the right to appeal his sentence.  However, in exchange for the considerations provided by the United States in this agreement, the defendant waives his rights to appeal any sentence imposed by this court, including any fine or restitution order, or the manner in which his sentence was imposed, with the following exceptions:  If the sentence includes an upward departure or variance from the Sentencing Guidelines range determined by the court; if the sentence exceeds the statutory maximum, or if the United States exercises its statutory rights to appeal under Titles 18, U.S. Code, Section 3742(b) and 28, U.S. Code, Section 1291, which are not affected by this waiver by the defendant.   The defendant acknowledges having discussed this waiver of appeal rights with his counsel.

12.    The defendant understands that if he is not United States citizen, his conviction for this offense may result in his probable or mandatory removal or deportation from the United States at the expiration of his term of imprisonment. Removal and deportation proceedings are entirely separate matters from this case, and neither the court nor counsel for either party can be certain of the effect on the defendant's immigration status of his guilty plea. The defendant nevertheless affirms that he wants to plead guilty even if this results in his automatic removal and exclusion from the United States.

13.    The defendant is aware that his sentence has not yet been determined by the court.

The defendant also is aware that any estimate of the probable sentencing range or sentence that he may receive, whether that estimate comes from his attorney, the government, or the Probation Office, is a prediction, not a promise, and is not binding on the government, the Probation Office, or the court.   The defendant further understands that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety.   The defendant understands that he may not withdraw his guilty plea even if the court declines to accept any motion or recommendation made on his behalf.

14.     The United States has made certain representations to the defendant on matters relating to his guilty plea that are set out in a separate letter.   The court will be advised of the terms in that letter at the time the defendant enters his plea.

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

Date: 10-19-17                    By: _____
                                       FRANK H. TAMEN
                                       ASSISTANT UNITED STATES ATTORNEY

Date: 10-19-17                    By: _____
                                       WALTER NORKIN
                                       ASSISTANT UNITED STATES ATTORNEY

Date: 10/19/17                    By: _____
                                       NIDAL WAKED
                                       DEFENDANT

6

Nidal Waked Plea Agreement, page 7

Date: 10/19/17                    By: _____
                                      NORMAN MOSCOWITZ
                                      DEFENSE COUNSEL

Date: 10\19\17                    By: _____
                                      SAMUEL J. RABIN
                                      DEFENSE COUNSEL

Date: 10/19/17                    By: _____
                                      HOWARD SREBNICK
                                      DEFENSE COUNSEL