UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-20189-CR-SCOLA

UNITED STATES OF AMERICA

v.

**NIDAL WAKED HATUM,**

      **Defendant.**

_____/

## FACTUAL PROFFER

The United States of America and the defendant, Nidal Waked Hatum, hereby agree that if this case had proceeded to trial, the United States would have presented evidence sufficient to establish the following facts, which provide the factual basis for the defendant's plea of guilty to Count 1 of the Indictment:

1. During the time period of approximately 2000 through February 2009, the defendant was the general manager of Vida Panama, Z.L., S.A., a Panamanian-based corporation, and was the owner of two Miami-based corporations, Star Textile Manufacturing and Global World Import & Export. He had signature authority on the bank accounts of all three corporations.

2. The defendant during that time period entered into an agreement with others to engage in monetary transactions involving issuance of wire transfers and checks that resulted in transfers of funds between a bank in Panama and a bank in Miami, in the Southern District of Florida, which was insured by the Federal Deposit Insurance Corporation.

3. The value of those funds exceeded $10,000, and the funds were derived from fraud on a bank in Panama in which Vida Panama maintained an account.

4. More specifically, on multiple occasions, the defendant issued wire transfers drawn

on Vida Panama's credit line at the International Commercial Bank of China (ICBC) in Panama, which were sent to the accounts of Star Textile and Global World at Ocean Bank in Miami. The amounts of these wire transfers ranged from approximately $22,000 to $550,000. All of these wire transfers were from loans drawn on a line of credit the defendant had available from ICBC.

5. In order to support the draws on Vida Panama's line of credit, ICBC required justification to show that these international transfers of funds were for purchases of goods to then be sold by Vida Panama.

6. In order to show that the international wire transfers were for such business deals, the defendant claimed that each transfer was for the purchase of goods from Global or from Star. He submitted invoices to ICBC with each wire transfer application that purported to show that Vida Panama had purchased a shipment of televisions or other similar electronic equipment, or appliances, from the company in Miami, which was to be paid for with the wire transfer.

7. There were no such purchases of televisions, electronics, or appliances by Vida Panama from Star or Global, and the invoices were all false. The defendant applied for the credit draws and wire transfers knowing that the supposed reasons for them that he had provided to the bank were untrue.

8. The defendant intentionally misrepresented the nature and purpose of these financial transactions in order to induce ICBC to issue the loans and wire transfers. Had ICBC known of the falsehoods in the applications, it would not have approved the draws on Vida panama's line of credit or the international wire transfers.

9. On each occasion, within approximately 24 hours after the wire transfer was cleared to the account of Star or Global, the defendant deposited one or more checks from that corporation's account into the account of Vida Panama, in a total amount virtually identical to the amount of the wire transfer. The defendant arranged with his co-conspirators to have these checks



sent to him in advance of his making the wire transfers. In most instances, he signed the checks himself when he was ready to have them deposited. This scheme resulted in the same funds being moved from Panama to Miami and almost simultaneously from Miami back to Panama.

10. No bank incurred any financial losses from these transactions and all the draws from the banks were re-paid on time with interest.

_____
NIDAL WAKED HATUM
DEFENDANT

_____
NORMAN A. MOSCOWITZ
DEFENSE COUNSEL

_____
SAMUEL J. RABIN
DEFENSE COUNSEL

_____
HOWARD SREBNICK   10/19/17
DEFENSE COUNSEL

_____
FRANK H. TAMEN
ASSISTANT U.S. ATTORNEY

_____
WALTER NORKIN
ASSISTANT U.S. ATTORNEY

Oct. 19, 2017
DATE