United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America,<br>Plaintiff<br>v.<br>Nidal Waked Hatum,<br>Defendant. | Criminal Case No. 15-20189-CR-Scola |

### Order on Government's Request for Entry of Forfeiture Money Judgment

The Court held a hearing on April 6, 2018 to determine whether a forfeiture money judgment should be entered against the Defendant and, if so, to determine the appropriate amount of the forfeiture money judgment. The Government filed its forfeiture memorandum [**ECF No. 367**], the Defendant filed his response [**ECF No. 372**] and the Government replied [**ECF No. 373**]. After considering the arguments of the parties and relevant legal authorities, and based upon the unique facts of this case, the Court finds the Government is not entitled to the entry of a forfeiture money judgment.

At the outset, the Court acknowledges that forfeiture is a mandatory part of a defendant's sentence under 18 U.S.C. § 982(a)(1) and 28 U.S.C. § 2461 and that it has the authority to enter a forfeiture money judgment pursuant to Fed. R. Crim. P. 32.2(b)(1) and (c)(1) and *United States v. Honeycutt*, 137 S.Ct. 1626 (2017) and *United States v. Padron*, 527 F.3d 1156, 1162 (11th Cir. 2008).

The forfeiture statute in this case, 18 U.S.C. § 982(a)(1), states:

> The Court, in imposing sentence on a person convicted of an offense in violation of section 1956, 1957, or 1960 of this title, *shall* order that the person forfeit to the United States any property, real or personal, *involved in* such offense, of any property traceable to such property. (Emphases added)

18 U.S.C. § 982(b)(2) expressly authorizes the forfeiture of all of the money laundered by the defendant, even if he retained none of it for himself, so long as he conducted three or more separate transactions involving a total of $100,000 in a 12 month period.

So, why then, is the Court not imposing a forfeiture money judgment? The purpose of forfeiture is to ensure that criminals do not retain money for themselves and to punish defendants by transferring ill-gotten gains to the United States. *See United States v. Browne,* 505 F.3d 1229, 1280-81 (11th Cir. 2007); *United States v. Paley,* 442 F.3d 1273, 1278 (11th Cir. 2006). In this case, all of the funds that were laundered were returned to the bank, with interest.

There are no laundered funds that were retained by the Defendant or any other co-conspirator to be forfeited.

Accordingly, it is hereby **ordered** that no forfeiture money judgment shall be entered and the Court **vacates** the Preliminary Order of Forfeiture [**ECF No. 354**] entered on December 18, 2017.[1]

**Done and ordered** at Miami, Florida, on April 9, 2018.

_____
Robert N. Scola, Jr.
United States District Judge

---

[1] Even if the Court were required to impose a forfeiture money judgment, the amount requested by the Government, $20,852,000, is excessive. *See United States v. Bajakajian*, 524 U.S. 321, 337 (1998); *United States v. Ramirez,* 421 Fed. Appx. 950, 952 (11th Cir. 2011). Since all of the funds were returned to the bank with interest, little harm was caused by the Defendant. Using the reasoning and methodology of *Ramirez,* the Court finds that even if it were required to impose one, a forfeiture money judgment of $520,000 would be appropriate ($10,000 for each of the 52 transactions in this case).